DOMHOFF & JOYCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20732. Promulgated October 18, 1929.

*Frank Brandon, Esq.*, for the petitioner.
*Stanley Suydam, Esq.*, and *O. J. Tall, Esq.*, for the respondent.

OPINION.

Murdock: The petitioner claims that it is entitled to deduct $174,-565.33 as a debt ascertained to be worthless and charged off within the taxable period which ended December 31, 1920, and this, so far as we can determine from the pleadings, is the sole issue in the case. We have heretofore held that before a deduction can be allowed on account of a debt ascertained to be worthless and charged off, it must first be shown that there was a debt. *Missouri Valley Bridge & Iron Co.*, 14 B. T. A. 1162, and cases cited therein. In the present case the petitioner has not shown that the Hamilton Furnace Co. was liable to it for the amount in question. The petitioner concedes that the Hamilton Furnace Co. was financially able to meet any

liability which it might have had on account of receiving the coke. Where a taxpayer is unable to establish legal liability on the part of an alleged debtor, he must necessarily fail to establish the worthlessness of the alleged debt, for in such case there is not an ascertainment of worthlessness of a debt, but rather an ascertainment of the nonexistence of any debt. *Federal Fuel Co.*, 3 B. T. A. 814; *Missouri Valley Bridge & Iron Co.*, *supra*. Furthermore, even if there was a debt, the evidence in this case fails to show that the petitioner ascertained such debt to be worthless within the taxable year. *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566.

*Judgment will be entered for the respondent.*